# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**EDWARD A. BROWN,**

        **Plaintiff,**

v.                                                                     CIV. No. 99-173 JP/LFG

**JUDITH FLEISCHMANN, M.A.,
JANICE GRIFFIN, M.A.; JAMES
HARRINGTON, PhD.; PAULA
STERN, M.A., each in their personal
capacities, and SECOND JUDICIAL
DISTRICT COURT CLINIC,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

On February 26, 1999, Defendants filed their Motion to Dismiss (Doc. No. 2). Local Rule 7.6 allows Plaintiff fourteen days to respond to the motion. D.N.M.LR-Civ. 7.6(a). As of today, Plaintiff has not responded to the motion. Failure to respond in a timely manner constitutes consent to grant the motion. D.N.M.LR-Civ. 7.3(a)(4); 7.4(c); and 7.6(a). Consequently, Defendants' motion should be granted. In addition, after a careful review of the law and Defendants' brief, I conclude that the motion to dismiss should be granted on the merits.

When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff." Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). A motion to dismiss will be granted only if "it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 321 (10th Cir. 1985). Moreover, this pro se complaint has received the liberal interpretation required by Haines v. Kerner, 404 U.S. 519 (1972).

According to Plaintiff's Complaint, Defendants are court-appointed mediators and counselors. Plaintiff contends that defendants, who were assigned to mediate and make recommendations regarding Plaintiff's custody dispute with the mother of his child, made recommendations to the court regarding Plaintiff's dispute with his wife over custody of their child. (I surmise that Defendants were appointed under the Domestic Relations Mediation Act, NMSA § 40-12-1 et seq.) Plaintiff argues that in so doing, Defendants violated his constitutional rights by withholding information from the court, taking arbitrary actions, attempting to prejudice the court, and discriminating against him.

Defendants contend that they have judicial immunity from suit because they acted as "arms of the court." They cite the New Mexico Second Judicial District Court Local Rule 2-601 NMRA 1999, which states that mediators and evaluators acting under the domestic relations mediation program are "immune from liability for conduct within the scope of their employment." Defendants also rely upon Judge Conway's unpublished memorandum opinion in Martinez v. Roth, Civ. 94-395 JC/WWD (D.N.M. July 28, 1994)(Conway, J.), aff'd, 53 F.3d 342, 1995 WL 261127, No. 94-2206, (10th Cir. April 26, 1995). In that case, Judge Conway ruled that the plaintiff's complaint against a court-appointed psychologist should be dismissed because the defendant was entitled to "quasi-judicial" immunity from damages. Judge Conway reasoned that the psychologist, who performed an evaluation of the Plaintiff in order to help the court resolve a

custody dispute, was entitled to immunity because "[a]s a court-appointed evaluator assisting the court in determining the best interests of the children, [defendant's] actions are best characterized as within her normal duties and 'integral to the judicial process.'" Id. (citing Snell v. Tunnell, 920 F.2d 673, 693-94 (10th Cir. 1990)).

Like the defendant in Martinez, the Defendants in this case were acting as arms of the court who were integral to the judicial process. For this reason, and because Plaintiff has failed to respond to the motion, Defendants' motion to dismiss should be granted.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. No. 2) is GRANTED.

_____
**UNITED STATES DISTRICT JUDGE**